RUCKMAN, by her next friend, *v.* STEPHENS and others.

*(Circuit Court, D. New Jersey.* September 7, 1881.)

FORECLOSURE—SUIT BY MARRIED WOMAN—HUSBAND AS DEFENDANT.

Where a suit to foreclose a mortgage is brought by a married woman, who is named therein as payee, and the mortgage is in possession of her husband, who is a non-resident and outside the jurisdiction of the court, he should be a party to the suit, and should be allowed to come in and defend; but, owing to his laches and delay, only on terms, on payment of the costs already accrued in the suit.

On Bill to Foreclose, etc.

*R. Allen, Jr.,* for petitioners.

*Jacob Weart,* for complainant.

NIXON, D. J. The bill of complaint was filed in this case by Margaret Ruckman, of the city and state of New York, by her next friend, Samuel M. Hopping, against Edmund Stephens and others, residents of New Jersey, for the foreclosure of a mortgage which the said Ste-

phens and wife executed to the complainant, in or about March 1, 1877, to secure the payment of a certain bond for $2,000 which the complainant claims to have held against Stephens. The bill alleges that the complainant is the wife of one Elisha Ruckman, from whom she was living separate for a good and justifiable cause, and that the original bond and mortgage, on which the suit was founded, were in the possession of the said Elisha, who was a non-resident of the state, and was beyond the jurisdiction of the court; and it prays that the complainant may be permitted to make proof of the existence of the said bond and mortgage, and the amount of money due and to grow due thereon to the complainant, and that a decree may be entered foreclosing the mortgage and establishing the amount due upon the bond, without the actual production of the bond before the master, and by the production of a certified copy of the mortgage as it is recorded in the clerk's office of the county of Bergen, where the mortgaged premises are situate.

An answer was filed by Stephens admitting the execution of the bond and mortgage to the complainant, but setting up that the $2,000 the bond and mortgage were given to secure was a loan from Elisha Ruckman, the husband of the complainant; that all his negotiations for said loan were had with the said Elisha; and that the name of the complainant was written as the payee and mortgagee at the request of Elisha, not with the intent of giving her any beneficial interest therein, but in furtherance of some business project or plan of the husband, who retained possession and control of the papers, and from time to time received the interest as it became due, and claimed the true and actual ownership of the said bond and mortgage, and of the debt, which they intended to secure.

A replication was duly filed, a large amount of testimony taken by the parties, and the case set down for final hearing at the last term of the court. On the argument a petition of Elisha Ruckman was presented to the court by the counsel of the defendant, Stephens, praying that he might be admitted in the case as a defendant, and have leave to file an answer. In the petition Ruckman claims the ownership of the bond and mortgage which the complainant seeks to foreclose, and prays for an opportunity to show to the court the reasons why the security for the loan made by him to Stephens was taken in the name of his wife.

If he was the owner, he doubtless should be a party to the proceedings, and be heard upon the matter of the foreclosure. The only question is whether he has not lost the right to be admitted into the

case upon petition after such laches or delay. He gives no satisfactory reason for his tardiness, but enough can be gathered from the case to lead to the conclusion that he expected to be able to make his defence in the name and under the answer of the defendant Stephens. Mr. Stephens testifies that Ruckman employed the counsel to put in his answer, and was looked to to pay the costs of the defence. He therefore cannot plead any want of knowledge of the proceedings as an excuse for not sooner interposing. I think the interests of all parties will be best subserved by allowing Ruckman to come in and answer and defend, but after such unwarrantable delay it must be upon terms.

The terms imposed are that he shall pay to the complainant all the costs that have been incurred since the return of the subpœna, including solicitor's docket fee of $20, the costs of taking the testimony and printing the record of the case.

Such payment shall be made within 10 days after notice to the solicitor of the defendant Stephens of the taxation of the costs by the clerk; and the said Ruckman may have 20 days after the payment of the costs in which to enter his appearance and file his answer.

See 6 FED. REP. 225.